IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ANNIE Y. GRIFFIN and
FREDERICK GRIFFIN                                                                          PLAINTIFFS

V.                                                    CIVIL ACTION NO. 3:18-CV-00146-NBB-JMV

CITIMORTGAGE, INC., as successor in interest to
ABN AMRO MORTGAGE GROUP, INC.,
JAUREGUI & LINDSEY, LLC, as trustee,
GRANDVIEW LAKES HOMEOWNER'S ASSOCIATION, LLC,
and ABC COMPANIES                                                                          DEFENDANTS

MEMORANDUM OPINION

This cause comes before the court upon the plaintiffs' motion to remand. Upon due consideration of the motion, response, complaint, exhibits and applicable authority, the court is ready to rule.

Factual and Procedural Background

Plaintiffs Annie and Frederick Griffin purchased a house located in Walls, Mississippi on June 5, 2001. Plaintiffs ceased making their mortgage payments in late 2006. Defendant CitiMortgage is the current servicer for Plaintiffs' mortgage on the property. On May 23, 2018, Plaintiffs received a Notice of Foreclosure Sale which advised that CitiMortgage would hold a foreclosure sale of Plaintiffs' property on June 19, 2018.

The aforementioned property is governed by Grandview Lakes Homeowner's Association, Inc. ("Grandview") and is subject to certain Restrictive Covenants. The covenants were established on October 29, 1987. On December 28, 2005, Grandview attempted to amend the covenants so that the failure to pay HOA fees could be used to place a lien on properties located within the subdivision.

Pursuant to the new amendments, Grandview filed a Complaint for Judicial Foreclosure against Plaintiffs in chancery court on December 18, 2016. Plaintiffs responded by challenging the validity of said amendments. The chancery court agreed with Plaintiffs and granted them partial summary judgment on the issue on September 2, 1014. The chancery matter is still pending.

On June 11, 2018, Plaintiffs commenced the instant litigation in the Chancery Court of DeSoto County, Mississippi. Plaintiffs assert claims for breach of contract and wrongful foreclosure against CitiMortgage and various tort claims against Grandview. Plaintiffs also named Jauregui & Lindsey, LLC ("J&L") and ABC Companies as defendants. CitiMortgage promptly removed the action to this court on the basis of diversity jurisdiction. Plaintiffs now move to remand.

Standard for Removal and Remand

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). A district court has "original jurisdiction of all civil <u>actions</u> where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

"[R]emoval statutes are to be construed strictly against removal and in favor of remand." *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 106 (5th Cir. 1996) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09(1941)). "The intent of Congress drastically to restrict federal jurisdiction in controversies between citizens of different states has always been rigorously enforced by the court." *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d

636, 638 (5th Cir. 2003) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)).

The removing party bears the burden of establishing the basis of diversity jurisdiction. *Id.*, *see also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Further, should the court have any doubts about its jurisdiction, "it should resolve those doubts by ordering a remand." *Dardeau v. West Orange-Grove Consolidated Independent School Dist.*, 43 F. Supp. 2d 722, 730 (E.D. Tex. 1999) (citing *Vasquez v. Alto Bonito Gravel Plant Corp.*, 56 F.3d 689, 694 (5th Cir. 1995)). In deciding a motion to remand, the court may, under certain circumstances, pierce the pleadings and consider "summary judgment-type evidence." *Davidson v. Georgia-Pacific, LLC¸*819 F.3d 758, 765 (5th Cir. 2016).

Analysis

The parties concede that no federal question has been raised. Thus, for the court to have jurisdiction over this matter, it must be based on diversity of citizenship. In moving to remand, Plaintiffs argue that diversity jurisdiction does not exist because the parties are not completely diverse. Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)(citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir. 1968)). Plaintiffs are citizens of Mississippi. Although CitiMortgage—a citizen of New York and Missouri—is diverse from Plaintiffs, Defendants J&L and Grandview are citizens of Mississippi.[1] Thus, unless some exception applies, the parties are not completely diverse, and this court lacks jurisdiction.

---

[1] Defendant ABC Companies is a fictitious entity whose citizenship, or lack thereof, is disregarded for purposes of determining diversity jurisdiction. *See Gray & Assocs., Inc. v. QBE Ins. Corp.*, 2014 WL 12572995 (S.D. Miss. Mar. 17, 2014).

CitiMortgage argues that the court may disregard the citizenship of J&L and Grandview because they have been improperly joined in this action to defeat federal jurisdiction. When a court's jurisdiction is premised on diversity jurisdiction, "[t]he improper joinder doctrine constitutes a narrow exception to the rule of complete diversity." *McDonal v. Abbott Laboratories*, 408 F.3d 177, 183 (5th Cir. 2005). The removing party bears a heavy burden in demonstrating improper joinder. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

To establish improper joinder, the party seeking removal must demonstrate either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby¸* 326 F.3d 644, 647 (5th Cir. 2003)(citing *Griggs*, 181 F.3d at 699). Under the second prong, the removing party must demonstrate that there is no reasonable basis for the court to predict that the non-diverse plaintiff might be able to recover against the defendant. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Courts normally examine a claim of improper joinder by conducting a Rule 12(b)-type analysis.

It is well-settled that federal courts "must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460-61 (1980). Defendant J&L is the substituted trustee under the relevant Deed of Trust. District courts in this state routinely "have found substituted trustees to be nominal parties having no real interest" in cases like this one. *Parker v. CitiMortgage, Inc.*, 2015 WL 240568, *3 (S.D. Miss. May 20., 2015) (citations omitted). Moreover, Plaintiffs' complaint contains no factual or legal allegations against J&L. Accordingly, the court finds J&L to be a nominal party whose citizenship should be disregarded in determining jurisdiction.

CitiMortgage contends that Plaintiffs have no possibility of recovery against Grandview. In support, CitiMortgage advances two arguments. First, CitiMortgage argues, in conclusory fashion, that Plaintiffs' claims against Grandview are barred by res judicata. CitiMortgage goes no further in developing this argument. Thus, the court has no basis for finding that res judicata would apply. The court, therefore, finds this argument to be without merit.

CitiMortgage additionally argues that Plaintiffs have failed to state a claim against Grandview. Plaintiffs assert claims for both negligent and intentional infliction of emotional distress against Grandview. Further, Plaintiffs' allegations include possible claims of tortious interference with contract and/or tortious interference with settlement negotiations.

According to Plaintiffs, Grandview improperly amended the subdivision's restrictive covenants resulting in a lien being placed upon their home. Plaintiffs further allege that Grandview and CitiMortgage engaged in improper communications which adversely affected settlement negotiations between Plaintiffs and Grandview in the previously-mentioned chancery matter. Plaintiffs additionally allege that Grandview conspired with CitiMortgage to initiate foreclosure proceedings on "the eve of the scheduled mediation" of the parties' pending chancery matter. And, Grandview itself filed a complaint for judicial foreclosure based on Plaintiffs' failure to pay HOA fees.

Based on these allegations, the court is not persuaded that there is "no reasonable basis . . . to predict that [Plaintiffs] might be able to recover against [Grandview]." *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). In so concluding, the court emphasizes that, at this juncture, it does "not decide whether the plaintiff will actually or even probably prevail on the merits, but [instead] look[s] only for a possibility that he may do so." *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir. 1992). Moreover, "[i]n determining whether [] joinder . . . is

fraudulent, the court must evaluate all factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812 (5th Cir. 1993).

In sum, the court finds that CitiMortgage has failed to meet its heavy burden in demonstrating that Grandview has been improperly joined. Accordingly, the court finds that Grandview is a proper party and, consequently, that the court lacks diversity jurisdiction.

## Conclusion

Based on the foregoing discussion, the court finds that Plaintiffs' motion to remand is well-taken and should be granted. A separate order in accord with this opinion shall issue this day.

This, the 5th day of September, 2018.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**